IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOONE,<br><br>                Petitioner,<br><br>    v.<br><br>DAVE DAVEY,<br><br>                Respondent. | Case No. 1:16-cv-00445 AWI MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 9]** |

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Respondent is represented in this action by Rebecca Whitfield, of the Office of the Attorney General for the State of California.

**I.    Background**

    Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, upon being convicted by a jury on March 15, 2011 of unlawful sexual intercourse by force, unlawful oral copulation by force, and various sentencing enhancements. (See Lodged Doc. 1.)

---

[1] Respondent notes that the Warden's last name was incorrectly spelled by Petitioner. The Court hereby corrects and substitutes the properly spelled name of Respondent.

On April 13, 2011, Petitioner was sentenced to an indeterminate state prison term of twenty-five (25) years to life. (Id.)

On January 16, 2013, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. (Lodged Doc. 2.) Review was denied by the California Supreme Court on March 27, 2013. (Lodged Docs. 3-4.)

Petitioner proceeded to file seven petitions for writ of habeas corpus in the California state courts as follows:

1. <u>California Court of Appeal, Fifth Appellate District</u>
Filed: June 19, 2013[2];
Denied: July 10, 2013;

2. <u>Fresno County Superior Court</u>
Filed: July 15, 2013[3];
Denied: August 23, 2013;

3. <u>California Court of Appeal, Fifth Appellate District</u>
Filed: September 18, 2013[4];
Denied: November 14, 2013;

4. <u>California Court of Appeal, Fifth Appellate District</u>
Filed: December 30, 2013[5];
Denied: October 1, 2014;

5. <u>Fresno County Superior Court</u>
Filed: April 13, 2015[6];
Denied: May 15, 2015;

6. California Court of Appeal, Fifth Appellate District

---

[2] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on June 25, 2013, pursuant to the mailbox rule the Court considers the petition filed on June 19, 2013, the date Petitioner signed the petition.

[3] Although the petition was filed on July 18, 2013, pursuant to the mailbox rule the Court considers the petition filed on July 15, 2013, the date Petitioner signed the petition.

[4] Although the petition was filed on September 23, 2014, pursuant to the mailbox rule the Court considers the petition filed on September 18, 2014, the date Petitioner signed the petition.

[5] Although the petition was filed on January 13, 2014, pursuant to the mailbox rule the Court considers the petition filed on December 30, 2013, the date Petitioner signed the petition.

[6] Petitioner failed to date the petition. As the Court is unable to determine the date the petition was mailed, Petitioner is not entitled to an earlier filing date.

2

      Filed: April 13, 2015[7];
      Denied: May 21, 2015;

  7.  California Supreme Court
      Filed: August 31, 2015[8];
      Denied: January 13, 2016.

(Mot. to Dismiss, Exs. 5-18.)

On March 28, 2016, Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court.[9] On May 31, 2016, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d), and for failure to exhaust state remedies. (Mot. to Dismiss, ECF No. 9.) Petitioner filed an opposition on June 17, 2016, Respondent filed a reply on June 24, 2016, and Petitioner filed a sur-reply on July 22, 2016. (ECF Nos. 11-12, 17.) The matter stands ready for adjudication.

## II. Discussion

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using

---

[7] Although the petition was filed on April 20, 2015, pursuant to the mailbox rule the Court considers the petition filed on April 13, 2015, the date Petitioner signed the petition.

[8] Although the petition was filed on September 11, 2015, pursuant to the mailbox rule the Court considers the petition filed on August 31, 2015, the date Petitioner signed the petition.

[9] Although the petition was filed on March 31, 2016, pursuant to the mailbox rule the Court considers the petition filed on March 28, 2016, the date Petitioner signed the petition.

Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.  Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on March 28, 2016 and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on March 27, 2013. The state appeal process became final ninety days later, on June 25, 2013, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on June 26, 2013. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner had one year from June 26, 2013, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until March 28, 2016, over a year and a half after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

**C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of

a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Respondent acknowledges that Petitioner is entitled to tolling during the pendency of Petitioner's first state court petition. Petitioner's first petition was filed on June 19, 2013 – a week prior to the commencement of the limitations period. While Petitioner is not entitled to tolling for the week prior to the limitations period, he is entitled to tolling from the commencement of the limitations period on June 26, 2013, until the denial of the petition on July 10, 2013.

Petitioner had the entire year limitations period remaining as of July 10, 2013. Petitioner filed his second state petition with the Fresno County Superior Court on July 15, 2013. While Respondent acknowledges that Petitioner is entitled to tolling during the pendency of Petitioner's second through fourth state court petitions, he asserts that Petitioner is not entitled to tolling during the interval period between filing the first and second petitions. Respondent argues that Petitioner was not pursuing his application up the ladder of the state court system. Review is "pending" within the meaning of § 2244(d)(2) only where a prisoner is pursuing a single, full round of habeas relief in state court; thus, no review is "pending" where a prisoner files a second petition in a court which raises new claims and does not constitute merely an elaboration of the facts relating to the claims in a prior petition or an attempt to correct the prior petition's deficiencies. Stancle v. Clay, 692 F.3d 948, 951, 954-56 (9th Cir. 2012); Banjo v. Ayers, 614 F.3d 964, 968-69 (9th Cir. 2010). After seeking review from the California Court of Appeal in his first petition, Petitioner filed his second action in the Fresno County

Superior Court. Accordingly, Petitioner was not ascending up the state court hierarchy. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003). Petitioner is not entitled to the benefit of tolling for the interval period. Therefore four days of the limitation period expired prior to the filing of the second petition. As Petitioner is entitled to tolling for the pendency of the second through fourth state petitions, 361 days of the limitation period remained on October 1, 2014, the date the fourth petition was denied by the Fifth District Court of Appeal.

Respondent again acknowledges that Petitioner is entitled to tolling during the pendency of his fifth through sixth state petitions, but argues that he is not entitled to tolling for the interval between the fourth and fifth petitions as Petitioner was not ascending up the state hierarchy at that time. Respondent is correct. Petitioner proceeded after the denial of his fourth state petition with the Fifth District Court of Appeal to appeal to file his fifth petition with the Fresno County Superior Court. Accordingly, Petitioner was not ascending up the state court hierarchy, and therefore not entitled to tolling for the interval between petitions. Biggs, 339 F.3d at 1048; Stancle, 692 F.3d at 951, 954-56; Banjo, 614 F.3d at 964, 968-69. 194 days of the limitation period expired between the denial of the fourth petition on October 1, 2014 and the filing of the fifth petition on April 13, 2015. As Petitioner is entitled to tolling for the pendency of the fifth through sixth state petitions, 167 days of the limitation period remained on May 21, 2015, the date the sixth petition was denied by the Fifth District Court of Appeal.

Petitioner did not file his seventh state habeas petition in the California Supreme Court until August 31, 2015, which is 101 days after the California Court of Appeal denied habeas relief to his sixth petition. Given that a habeas petition that is untimely under state law is not "properly filed," Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005), "none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period," Curiel v. Miller, 2016 U.S. App. LEXIS 13487, 2016 WL 394172, at *3 (9th Cir. July 25, 2016) (en banc) (citing Campbell v. Henry, 614 F.3d 1056, 1061 (9th Cir. 2010)). "[I]f a California court dismisses a

habeas petition without comment . . . a federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.'" Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Chavis, 546 U.S. at 197-98). In the instant case, the California Supreme Court summarily denied Petitioner's state habeas petition without comment. Thus, the Court must examine the delay and determine whether the petition was timely under state law.

California courts apply a general "reasonableness" standard to determine whether a state habeas petition is timely. Carey v. Saffold, 536 U.S. 214, 222 (2002). Because "California courts had not provided authoritative guidance on this issue," the Supreme Court in Chavis "made its own conjecture . . . 'that California's "reasonable time" standard would not lead to filing delays substantially longer than' between 30 and 60 days." Robinson, 795 F.3d at 929 (quoting Chavis, 546 U.S. at 199). However, if a petitioner demonstrates good cause, California courts allow a longer delay. Robinson, 795 F.3d at 929 (citing In re Robbins, 18 Cal. 4th 770, 780, 77 Cal. Rptr. 2d 153, 959 P.2d 311 (1998)). The Ninth Circuit has also previously held that unexplained delays of such duration are unreasonable, and not entitled to statutory tolling. See Velasquez v. Kirkland, 639 F.3d 964 (9th Cir. 2011) (unexplained eighty and ninety-one day delays in filing are unreasonable under California law and prevent tolling of AEDPA's one year statute of limitations.). Petitioner delayed 102 days from the denial of his sixth petition to the filing of his seventh habeas petition. Such an unexplained delay is unreasonable, and Petitioner is not entitled to tolling for the period between the filing of the sixth and seventh petitions or during the pendency of the seventh petition.

On May 21, 2015, the date the sixth petition was denied by the Fifth District Court of Appeal, 167 days of the limitation period remained. The limitations period therefore expired 167 days later on November 4, 2015, and the present petition was not filed until March 28, 2016, over four months later. Accordingly, the petition is untimely.

**D.    Equitable Tolling**

The limitations period is subject to equitable tolling if the petitioner demonstrates:

"(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). In his opposition, Petitioner contends that he is entitled to tolling based on his ignorance in the law.

Petitioner claims he should be entitled to equitable tolling because he is uneducated and does not have knowledge of the law. This claim for equitable tolling must fail. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (lack of legal sophistication is not an extraordinary circumstance warranting equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (inmate's lack of legal training, a poor education, or illiteracy does not give a court reason to toll the limitations period); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner's circumstances and lack of knowledge of the law are no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus. Accordingly, his ignorance of the law is not an extraordinary circumstance entitling Petitioner to equitable tolling.

**E.     Exhaustion**

Respondent, in his motion to dismiss, asserts an alternative ground for dismissal based on failure to exhaust state remedies. (See Mot. to Dismiss at 9-11.) As the petition is untimely and subject to dismissal, in an exercise of judicial efficiency, the Court will not address Respondent's claims regarding failure to exhaust judicial remedies.

**III.     Conclusion**

As explained above, Petitioner failed to file the instant petition for habeas corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is not entitled to the benefit of statutory tolling, but not equitable tolling. Regardless, the petition remains untimely even with the benefit of statutory tolling. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED.

## IV. Recommendation

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: August 30, 2016      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE